UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BRADY,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>LENDINGCLUB BANK, NATIONAL ASSOCIATION,<br><br>　　　　　　　　　　　Defendant. | Case No.: 23-CV-495 TWR (WVG)<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART JOINT MOTION TO STAY ACTION AND ARBITRATE ALL CLAIMS AND (2) DISMISSING ACTION WITHOUT PREJUDICE**<br><br>(ECF No. 7) |

Presently before the Court is the Parties' Joint Motion to Stay Action and Arbitrate All Claims (the "Joint Motion"). (*See* ECF No. 7, "Joint Mot.") After carefully reviewing the relevant law and the Parties' submission, the Court **GRANTS IN PART** and **DENIES IN PART** the Joint Motion.

## BACKGROUND

Plaintiff Michael Brady initiated this action against Defendant LendingClub Bank, National Association ("LendingClub") on March 19, 2023. (*See* ECF No. 1.) The Complaint alleges Defendant violated the Telephone Consumer Protection Act ("TCPA") and Rosenthal Fair Debt Collection Practices Act ("RFDCPA") by using an automated telephone dialing system and/or an artificial or pre-recorded voice to collect a debt allegedly owed by Plaintiff. (*See id.* at 1–2 (citing 47 U.S.C. § 227 *et. seq.* and Cal. Civ.

1  Code §§ 1788–1788.32).) On March 20, 2023, the Clerk of Court issued a Summons, (*see*
2  ECF No. 2), and Plaintiff served Defendant with the Complaint and Summons at some
3  undisclosed time thereafter, (*see generally* ECF No. 3).

4        According to the Parties, Defendant's initial responsive pleading was due on or
5  before April 11, 2023. (*See id*. at 2.) LendingClub did not file an answer or responsive
6  motion by that deadline. (*See generally* Docket.) Instead, on April 11, 2023, the Parties
7  filed an untimely joint motion seeking a one-month extension of Defendant's responsive
8  pleading deadline. (*See generally* ECF No. 3.) *See also* Standing Order for Civil Cases §
9  IV ("Absent extraordinary circumstances, any request for a continuance must be filed no
10 later than three (3) court days before the relevant date." (emphasis in original)). Still, the
11 Court granted the motion *nunc pro tunc*, extending Defendant's responsive pleading
12 deadline to May 11, 2023. (*See generally* ECF No. 4.)

13       Again, Defendant failed to respond by the deadline set by the Court. (*See generally*
14 Docket.) Rather, on May 11, 2023, the Parties again filed an untimely joint motion seeking
15 an additional two-week extension of Defendant's responsive pleading deadline. (*See*
16 *generally* ECF No. 5.) Both motions for an extension claimed Defendant "require[d]
17 additional time to investigate [Plaintiff's] claims in order to prepare a response to the
18 complaint," and asserted that an extension would "permit the parties to explore possible
19 early settlement and resolution of the matter." (*See* ECF No. 3 at 2; ECF No. 5 at 2.) Upon
20 a finding of good cause, the Court granted the motion and extended Defendant's responsive
21 pleading deadline to May 25, 2023. (*See* ECF No. 6 at 2.) Still, the Court cautioned the
22 Parties that, absent extenuating circumstances, it would not grant additional requests to
23 extend Defendant's responsive pleading deadline because further extensions would unduly
24 delay the litigation process. (*See id*.)

25       Consequently, the Parties did not seek a third extension of Defendant's responsive
26 pleading deadline. (*See generally* Docket.) Instead, on May 23, 2023, the Parties filed the
27 instant Joint Motion seeking an indefinite stay of this action pending the completion of
28 arbitration. (*See* Joint Mot.)

# ANALYSIS

A court's power to stay proceedings is incidental to its inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Such power is "firmly imbedded in our judicial system." *Scripps-Howard Radio v. F.C.C.*, 316 U.S. 4, 13 (1942). Moreover, "[a] stay is not a matter of right" but rather "an exercise of judicial discretion . . . dependent upon the circumstances of the particular case." *Virginian Ry. Co. v. U.S.*, 272 U.S. 658, 672–73 (1926). Accordingly, any party seeking a stay "bears the burden of showing that the circumstances justify an exercise of [the court's] discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009) (first citing *Clinton v. Jones*, 520 U.S. 681, 798 (1997); and then citing *Landis*, 299 U.S. at 255).

The court's discretion to stay or permit judicial proceedings is circumscribed by the parties' right to arbitrate. *See* 9 U.S.C. § 3. Pursuant to the Federal Arbitration Act ("FAA"), contractual provisions through which parties agree to arbitrate any controversy arising out of their contract are generally "valid, irrevocable, and enforceable." *See* 9 U.S.C. § 2. A party may seek a court order compelling arbitration under such an agreement, *see* 9 U.S.C. § 4, or the parties may jointly stipulate to binding arbitration, *see, e.g.*, *Van Waters & Rogers Inc. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., Loc. Union 70*, 913 F.2d 736, 740 (9th Cir. 1990); *Plasterers Loc. Union No. 346 v. Wyland Enterprises Inc.*, 819 F.2d 217, 218 (9th Cir. 1987).

If a court determines that a suit or proceeding may be referred to arbitration under the FAA, it "shall" issue a stay pending the completion of arbitration upon a motion from either party. *See* 9 U.S.C. § 3. Although "Congress's use of 'shall' appears to require courts to stay litigation that is subject to mandatory arbitration," the Ninth Circuit "has long carved out an exception if all claims are subject to arbitration." *Forrest v. Spizzirri*, 62 F.4th 1201, 1204 (9th Cir. 2023). "[N]otwithstanding the language of § 3, a district court may either stay the action or dismiss it outright when . . . the court determines that all of the claims raised in the action are subject to arbitration." *Johnmohammadi v.*

*Bloomingdale's, Inc.*, 755 F.3d 1072, 1073–74 (9th Cir. 2014) (citing *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir.1988)); *see also Forrest*, 62 F.4th at 1204–05; *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1060 (9th Cir. 2004); *Martin Marietta Aluminum, Inc. v. Gen. Elec. Co.*, 586 F.2d 143, 147 (9th Cir. 1978) ("The [Federal Arbitration] Act provides for a stay pending compliance with a contractual arbitration clause. But a request for a stay is not mandatory.").

Here, the Parties have agreed "to submit all claims to binding individual arbitration pursuant to the terms of the arbitration provision contained in the borrow agreement . . . governing Plaintiff's loan with Lendingclub." (*See* Joint Mot. at 2.) The Parties have also jointly moved to stay this action pending the completion of arbitration. (*See id.*) Because the Parties have agreed that "all claims" are subject to arbitration, this Court has discretion to dismiss the action. *See, e.g.*, *Forrest*, 62 F. 4th at 1204–05; *Johnmohammadi*, 755 F.3d at 1073–74. The Parties have not provided any justification for staying the action, (*see generally* Joint Mot.), and the Court finds no reason why this matter should languish on its docket when there are no claims left to adjudicate. For the foregoing reasons, the Court concludes that a stay would not serve the interests of justice or judicial economy.

## CONCLUSION

Therefore, the Court **GRANTS IN PART** and **DENIES IN PART** the Parties' Joint Motion. Specifically, the Court **DENIES** the Parties' request to stay, **GRANTS** the request to arbitrate all claims, and **DISMISSES WITHOUT PREJUDICE** this action.

**IT IS SO ORDERED.**

Dated: May 26, 2023

_____
Honorable Todd W. Robinson
United States District Judge